UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KELLY WARFIELD,<br><br>               Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, along with all staff (in their individual/official capacities), and STATE OF SOUTH DAKOTA,<br><br>               Defendants. | 4:24-CV-04049-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

      Plaintiff, Kelly Warfield, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Although Warfield paid the civil filing fee, no summonses have been issued because 28 U.S.C. § 1915A(a) requires that the court screen Warfield's complaint "seek[ing] redress from a governmental entity or officer or employee of a governmental entity." Warfield now moves for a temporary restraining order. Docket 5. In his motion for temporary restraining order, Warfield alleges that he has been denied all his medications resulting in chest pain and leg edema. *Id.* at 3–5. He also alleges that two correctional officers have ignored his reports of chest pain. *Id.* at 3–4.

## DISCUSSION

The court has not yet determined whether any of Warfield's claims will survive § 1915A screening.[1] But because the relief Warfield seeks in his motion for temporary restraining order is not related to claims alleged in his complaint, Warfield's motion for temporary restraining order (Docket 5) is denied. In his complaint, Warfield alleges that on May 11, 2023, Lieutenant Hofer took him from his cell at 2:30 or 3:00 a.m. and instructed another correctional officer to "get whatever he is working on." Docket 1 at 2. Warfield was working on legal matters. *Id.* at 1. Lieutenant Hofer and Officer Rodriquez walked Warfield to ID, placed him in a holding cell, and informed him that he was being transferred out of state. *Id.* at 2. At this time, Warfield had pending state court criminal cases, and a South Dakota judgment of conviction specified only South Dakota as the place of incarceration. *Id.* When Warfield returned to his cell, his property had been placed in boxes, but some of his legal documents had been removed from the envelopes. *Id.* Over the next few days, Warfield discovered that some of his legal documents were missing. *Id.*

---

[1] The Eleventh Amendment precludes Warfield from suing the State of South Dakota or the Department of Corrections. *Cory v. White*, 457 U.S. 85, 90–91 (1982) (stating that the Eleventh Amendment bars suit against a state entity regardless of whether money damages or injunctive relief is sought). Further, there is no respondeat superior liability under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). But Warfield's nineteen-page complaint identifies specific individuals whom allegedly committed the actions on which his complaint is based. Because the court must liberally construe Warfield's pro se complaint, the court will consider whether Warfield has pleaded a viable claim against the specific individuals identified in his complaint.

From May 19, 2023, to July 11, 2023, Warfield was incarcerated at a correctional facility in Wisconsin. *Id.* at 3, 6. While in Wisconsin, Warfield did not have access to any of his legal property from South Dakota, and his ability to conduct legal research and to contact his South Dakota attorneys regarding his pending cases was limited. *Id.* at 3–4. He also alleges that he was denied all the medications that the South Dakota State Penitentiary (SDSP) had been providing. *Id.* at 4–5. Warfield contends that he was subjected to unnecessary excessive force by a Wisconsin correctional officer. *Id.* at 5. Warfield alleges that he was transferred to Wisconsin, where the conditions are less favorable, to "teach [him] a lesson about complaining about South Dakota DOC [Department of Corrections] Staff and health care[.]" *Id.* at 5. *See also id.* at 11–12.

After his return to the SDSP, Warfield alleges that he was "directly and indirectly retaliated against by DOC officers harassing health service staff for assisting [him]." *Id.* at 7. Warfield alleges that Officer Jess Boysen yelled obscenities at him, and when Warfield informed Officer Boysen that he was going to report his misconduct to unit staff, Officer Boysen palm punched and pushed him before pulling back his arm to strike Warfield. *Id.* 8–9. Following the altercation with Officer Boysen, Warfield went on a hunger strike. *Id.* at 9. Because of his hunger strike, a medical GI diet was ordered for Warfield. *Id.* But some guards refused to serve the medically ordered GI diet. *Id.* Warfield contends that he has not filed grievances since getting back from Wisconsin because is scared and cannot get a grievance form. *Id.* When Warfield asked a correctional officer about his legal property, the officer responded, "You do not

3

like Wisconsin do you. You should think about that when you complain about staff." *Id.* at 9.

Since returning from Wisconsin, Warfield alleges that he has continued to be denied access to his legal property, including medical records he needs for his state court criminal case and an uncompleted federal complaint. *Id.* at 10. He also alleges that he has been deprived access to a check from a sale of assets, the proceeds of which he intends to use to hire an attorney to represent him in an unrelated civil rights action. *Id.* at 10–11.

In his motion for temporary restraining order, Warfield seeks an order preventing defendants from depriving him of his medications. Docket 5 at 6. A plaintiff seeking injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Warfield seeks immediate injunctive relief to provide him with medical treatment. Docket 5 at 6. But he has not alleged a claim for deliberate indifference to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. *See* Docket 1.[2] His requested injunctive relief does not relate to his claims for retaliation, deprivation of property without due process, and interference with his right to access the courts. Certainly, Warfield's allegations that he has been denied access to all

---

[2] Warfield's complaint alleges that he has "undiagnosed white matter disease" and that he "most likely will have [to] file [a] federal complaint to a get a confirmed diagnoses [sic] . . . so [he] can get adequate and nessary [sic] treatment for white matter disease." Docket 1 at 13.

4

medications and that his complaints of chest pain have been ignored are serious, but Warfield's complaint does not allege deliberate indifference to a serious medical need. Thus, his motion for a temporary restraining order, Docket 5, is denied.

Thus, it is ORDERED:

1. That Warfield's motion for temporary restraining order (Docket 5) is denied.

2. That the Clerk of Court is directed to provide a copy of this order, Warfield's complaint (Docket 1), and motion for temporary restraining order (Docket 5) to the South Dakota Attorney General's office.

Dated May 1, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE