UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KELLY WARFIELD,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JARED HETTICH, Official Capacity, a/k/a Jerry; TROY PONTO, Official Capacity; SAM YOST, Official Capacity; ERIC TIMMERMAN, Official Capacity; CORY AMBROSE, Official Capacity; OFFICER RODRIQUEZ, Official Capacity; OFFICER ALLEN, Official Capacity; OFFICER JONES, Official Capacity; DEREK EKEREN, Official Capacity; IAN PACKER, Official Capacity; CALEB EVANS, Official Capacity; JESS BOYSEN, Individual and Official Capacity; JANE DOES, Official Capacity; JOHN DOES, Official Capacity; TERESSA BITTINGER, Official Capacity; and KELLIE WASKO, Official Capacity, along with all staff,<br><br>　　　　　　Defendants. | 4:24-CV-04049-ECS<br><br><br>ORDER RULING ON PLAINTIFF'S PENDING MOTIONS<br>(Docs. 17, 18, 19. 21, 22) |

Plaintiff, Kelly Warfield, filed a pro se civil rights lawsuit. Doc. 1; Doc. 3-1. He paid the full civil complaint filing fee. Pursuant to 28 U.S.C. § 1915A, this Court screened Warfield's first amended complaint, dismissing it in part.[1] Doc. 12. Warfield has since been transferred out of South Dakota and is currently housed in a Florida Department of Corrections (FDOC) facility. Docs. 29, 31, 32, 33.

---

[1] Warfield filed a "motion to amend" that seemed to merely replace the initial page of Warfield's original complaint to clarify who he named as defendants. See Docs. 3, 3-1. Because it was clear that Warfield intended for the amendment to be read as a mere correction to his original complaint and not to replace the original complaint, this Court granted his motion to amend and screened the claims alleged in his original complaint. See Doc. 12.

## I.    Motion to Amend Complaint (Doc. 17)

Warfield filed a motion to amend his amended complaint and included a proposed second amended complaint with the added portions underlined in accordance with this Court's Local Rules. Docs. 17, 17-1. He also included several pages of exhibits. Docs. 17-2, 17-3. Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

This Court gave Warfield thirty days from its initial screening to "file an amended complaint that specifically alleges conduct by named defendants and specifically sets forth Warfield's claims against them." Doc. 12 at 17 n.8. At Warfield's request, this Court extended the time for him to file an amended complaint. Doc. 15. Warfield filed a motion to amend his complaint, which included a thirty-nine-page proposed amended complaint. Docs. 17, 17-1. He clearly states that "[t]he Amended/Supplemental Complaint includes additional defendants and/or one [he] previously forgot to include, specifically names Wisconsin defendants." Doc. 17 at 1. Although Warfield's proposed amended/supplemental complaint goes far beyond what this Court permitted him to file in its screening order, it does not appear that counsel on behalf of the served defendants objected to Warfield's motion. Moreover, leave to amend is freely given when justice so requires. Thus, Warfield's motion to amend (Doc. 17) is granted, and the Clerk of Court shall file his proposed second amended complaint and exhibits (Docs. 17-1, 17-2, 17-3). "It is well-established that an amended complaint supercedes an original complaint and renders

the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)).  Thus, within **twenty-one (21) days from the date of this order**, the served defendants should either file their answer to the second amended complaint or should notify this Court if they wish to stand on their current answer.

As to the newly added defendants Officer Wines, Jake (or Jack) Hofer, Donald Williams, Amber Pirraglia, Daniel Sullivan, Officer Struicksma, Charles Dombeck (Wisconsin DOC Staff), Jeremy Beck (Wisconsin DOC Staff), Officer Katze (Wisconsin DOC Staff), Seth Hughes, Sgt. Dalass (Wisconsin DOC Staff), and Jermaine Robinson,[2] this Court orders Warfield to arrange for his own service of process.  Although this Court ordered the United States Marshals Service to serve the first amended complaint on the defendants, this Court is not obligated to order service by the Marshals when a plaintiff is not proceeding in forma pauperis.  Fed. R. Civ. P. 4(c)(3).  Because Warfield is not proceeding in forma pauperis, this Court does not impose the burden of serving his second amended complaint on the United States Marshals Service, especially due to the addition of out-of-state defendants.  Thus, the Clerk of Court shall provide to Warfield blank summons forms so that he could arrange for his own service of process on the newly added defendants.  In accordance with Federal Rule of Civil Procedure 4(m), Warfield is on notice of this Court's intention to dismiss his claims against the newly added defendants (Wines, Hofer, Williams, Pirraglia, Sullivan, Struicksma, Dombeck, Beck, Katze, Hughes, Dalass, and Robinson) without prejudice if he does not serve them within **ninety (90) days from**

---

[2] Warfield also re-adds claims against Jane/John Doe(s), which were previously dismissed during screening.  Once Warfield learns the identities of these Jane/John Doe(s), he should notify the Clerk's Office.  Upon notice of these defendants' identities, the Clerk's Office shall provide Warfield with a summons for the Jane/John Doe(s) defendants.

**the date of this order**, unless he can show good cause for his failure to serve.  Once served, the

defendants should answer or respond in accordance with the Federal Rules of Civil Procedure.

## II.    Rule 4(m) Notice (Doc. 28)

On July 7, 2025, this Court gave notice of its intent to dismiss Warfield's claims against

Teressa Bittinger, Caleb Evans, Officer Jones,[3] Ian Parker, and Troy Ponto if he did not

complete and send the Clerk of Court a separate summons and USM-285 form for each of these

defendants or demonstrate good cause for his failure to serve these defendants by July 28, 2025.

Doc. 28.  Only claims against Bittinger, Evans, Jones/Johns, Parker, and Ponto in their official

capacities survived screening.  Doc. 12 at 29–31.  This Court now considers whether Warfield's

claims against Bittinger, Evans, Jones, Parker, and Ponto should be dismissed pursuant to Rule

4(m).

Warfield claims that he attempted to contact his sister to have her search online for the

unserved defendants' addresses, but he believes that the FDOC is blocking his phone calls and

mail.  Doc. 31 at 5; Doc. 33 at 3; Doc. 33-2 at 17–18.  Because Warfield filed a second amended

complaint in which he raises claims against these defendants in their individual capacities, this

Court will in this instance sua sponte extend his time to serve these defendants.  Warfield must

execute service and submit certificates of service within **thirty (30) days from the date of this**

**order**.  But Warfield is on notice that he must arrange for his own service of process on these

defendants, and this Court does not order the United States Marshals Service to serve any

additional summonses on these defendants at this time in Warfield's case.  Thus, Warfield's

failure to serve and submit certificates of service for unserved defendants (Bittinger, Evans,

---

[3] In Warfield's summons, he appears to attempt to correct the spelling of Officer Jones to Officer Austin Johns. Doc. 16 at 32.  But Warfield has not executed service on Officer Jones or Officer Johns.  Doc. 24 at 4–6.  In Warfield's second amended complaint, he corrects the defendant's name to Officer Austin Johns.  Doc. 17-1 at 1.

Jones/Johns, Parker, and Ponto) by **thirty (30) days from the date of this order** will result in a dismissal without prejudice of his claims against the respective defendants pursuant to Federal Rule of Civil Procedure 4(m) unless he can show good cause for his failure to serve.

### III.    Motion for Reconsideration (Doc. 18)

Warfield requests that this Court reconsider the claims that were dismissed during screening because he has supplied additional information and attachments with his motion to amend his amended complaint.  Doc. 18.  Because his second motion to amend his complaint has been granted, his second amended complaint is the operative pleading, and the attachments are included as exhibits to the second amended complaint.  See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d at 928.  Thus, his prior amended complaint is no longer in effect. Therefore, Warfield's motion for reconsideration of the dismissed claims (Doc. 18) is denied as moot.

### IV.    Motion to Appoint Counsel (Doc. 19)

Warfield "move[s] this Court for an ADA accommodation, such as, appointment of counsel, but not limited to such, to assist [him] in pending pleadings and future pleadings and/or any hearing before this Court[.]"  Doc. 19 at 1.  As to Warfield's motion to appoint counsel, his request is denied.  "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).  Further, under 28 U.S.C. § 1915 "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Thus, because Warfield paid his full filing fee and has not shown that he is unable to afford counsel, his motion to appoint counsel (Doc. 19) is denied.

## V.    Motions for Temporary Restraining Order (Docs. 21, 22)

Warfield filed two essentially identical motions for temporary restraining order.  Docs.

21, 22.  He requests that the Court order the following relief:

> (a)    Prevent the defendant(s) and their staff depriving [him his] legal property, including pens and pencils (ie return pens and pencils);
> (b)    Prevent the defendant(s) and their staff depriving [him] access to tablet for legal research, calls to attorney and the Courts (ie Clerk's office), but not limited to such;
> (c)    Prevent the defendant(s) and their staff, from depriving [him] blood sugar checks 4x daily and as needed, as [he] always feel[s] low and have test low here in 2025;
> (d)    Prevent the defendant(s) and their staff from depriving [him] 2x daily 325 mg Asprin [sic], as it is a preventative and chronic care medication, resume 2x daily 325 Asprin [sic];
> (e)    Prevent the defendant(s) and their staff from depriving [him] Keppra medication and to resume 2x daily 1000mg Keppra, as it is a preventative;
> (f)    Prevent the defendant(s) and their staff from depriving [him] a GI (Gastro-Intestinal) Soft/Bland Diet and resume GI diet with correctly prepared GI foods as mentioned in Document 17-3, pages 76–78, Page ID #394–396
> (g)    Conduct a hearing on longer duration Restraining;
> (h)    Grant any further and/or other relief that will protect [him] from any further perceived or actual retaliation by the defendant(s), their staff or contractors, as described above, but not limited to such.

Doc. 21 at 8; Doc. 22 at 8.  Served defendants argue that "Warfield's Motion for Temporary

Restraining Order is moot since he is now incarcerated in Florida and has been since June 9,

2025."[4]  Doc. 30 at 3.

When ruling on motions for temporary restraining order, courts consider the <u>Dataphase</u>

factors: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and

the injury that granting the injunction will inflict on the other interested parties; (3) the

probability the movant will succeed on the merits; and (4) whether the injunction is in the public

---

[4] In the served defendants' filing, they also address Warfield's notices of retaliatory transfer, <u>see</u> Doc. 30, but this Court does not consider these arguments because that issue is not currently before this Court for the reasons described below.  <u>See</u> <u>infra</u> at 7–8.

interest.  Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  A temporary restraining order preserves the status quo.  Id.

Here, Warfield has been transferred to a correctional facility in Florida.  Docs. 29, 31. "[A]n inmate's claims for declaratory and injunctive relief to improve prison conditions were moot when he was transferred to another facility and no longer subject to those conditions." Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999).  Warfield's motion generally requested that this Court order that defendants not retaliate against him, but he did not expressly request that defendants be prevented from transporting him to another facility.  See generally Docs. 21, 22.  Because Warfield has been transferred to a facility outside of the South Dakota Department of Corrections, he is no longer subject to conditions at the South Dakota State Penitentiary, which allegedly prevented access to legal materials, his medications, or his correct diet. Therefore, the preliminary injunctive relief he requests would not preserve the status quo and are moot.  Even if Warfield's motions for temporary restraining order are not moot, he has failed to show that he is likely to succeed on the merits.  Thus, Warfield's motions for temporary restraining order (Docs. 21, 22) are denied.

**VI.    Notices (Docs. 29, 31, 32, 33)**

Warfield has filed several documents that he identifies as "notices," which serve as updates about what he has experienced after he filed his second amended complaint.  Docs. 29, 31, 32, 33.  It is unclear what Warfield is intending for the notices to do.  He did not label the documents as motions.  This Court does not liberally construe these notices as motions because he does not appear to request that this Court order any relief.  Docs. 29, 31, 32, 33.

Even if this Court were to liberally construe Warfield's notices as motions to supplement his second amended complaint, his requests would fail because he has not complied with this

Court's Local Rules requiring that "any party moving to amend or supplement a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified."  D.S.D. Civ. LR 15.1. See also Ellis v. City of Minneapolis, 518 F. App'x 502, 504–05 (8th Cir. 2013) (per curiam) (noting that the Eighth Circuit has "repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint").  Thus, to the extent that Warfield's notices (Docs. 29, 31, 32, 33) could be construed to request any relief, such request is denied without prejudice.  If Warfield does choose to file a motion to supplement his second amended complaint that complies with this Court's Local Rules, he is cautioned that a proper motion to supplement generally requires that the facts to be added must relate directly to the complaint. See Shaver v. Mills, 4:23-CV-04204-KES, 2025 WL 1413254, at *6 n.4 (D.S.D. May 15, 2025) (citing Thorp v. Dist. Of Columbia, 325 F.R.D. 510, 514 (D.D.C. 2018)).[5]

In Warfield's "Notice of Other Events/Activities," he alleges that his rights are being denied by the FDOC possibly due to instructions from the defendants in this case, and thus, he states that "discovery on their communications, such as, emails, texts, phone logs, or subpoena of such, would be nice, but not limited to such."  Doc. 33 at 2.  But discovery requests are not to be filed with a court until they are used in the proceeding or the court orders filing.  Fed. R. Civ. P. 5(d)(1)(A); see also D.S.D. Civ. LR 26.1.A ("Pursuant to Fed. R. Civ. P. 5(d), depositions, interrogatories, requests for documents, requests for admissions, and answers and responses

---

[5] Warfield included with his submissions many pages of documents that appear to be from Florida statutes and rules, which relate to habeas corpus.  Doc. 33-2 at 49–202.  If Warfield seeks habeas relief, he should file a separate habeas petition in the proper court.

thereto must not be filed." (emphasis added)).  Thus, to the extent that Warfield's filing requests

production of documents, his request (Doc. 33) is denied.  As this District has previously noted:

> If [a pro se plaintiff] wishes to conduct discovery, he may do so, but he must do so
> in accordance with Federal Rules of Civil Procedure 26, 33, 34, and 36, and seek
> the information from the opposing party.  If the defendants refuse to comply and
> [plaintiff] does not believe the refusal is justified, then [plaintiff] may seek court
> intervention pursuant to Rule 37.

Spotted Elk v. Bentene, 4:22-CV-04031-LLP, 2024 WL 3357950, at *1 (D.S.D. July 10, 2024).

## VII.    Conclusion

Accordingly, it is

ORDERED that Warfield's motion to amend (Doc. 17) is granted, and the Clerk of Court

shall file his proposed second amended complaint and exhibits (Docs. 17-1, 17-2, 17-3).  It is

further

ORDERED that within **twenty-one (21) days from the date of this order**, the served

defendants should either file their answer to the second amended complaint or should notify this

Court if they wish to stand on their current answer.  It is further

ORDERED that the Clerk of Court shall provide to Warfield seventeen blank summons

forms so that he could arrange for his own service of process on the unserved defendants and the

newly added defendants.  It is further

ORDERED that Warfield shall serve and return certificates of service on the newly added

defendants (Wines, Hofer, Williams, Pirraglia, Sullivan, Struicksma, Dombeck, Beck, Katze,

Hughes, Dalass, and Robinson) within **ninety** (**90) days from the date of this order**.  Failure to

do so will result in the dismissal without prejudice of Warfield's claims against each respective

defendant under Rule 4(m) unless he can show good cause for his failure to serve that defendant.

It is further

ORDERED that Warfield's failure to serve Defendants Bittinger, Evans, Jones/Johns, Parker, and Ponto by **thirty (30) days from the date of this order** will result in a dismissal without prejudice of his claims against the respective defendants pursuant to Federal Rule of Civil Procedure 4(m) unless he can show good cause for his failure to serve that defendant. It is further

ORDERED that the unserved defendants and the newly added defendants will serve and file an answer or responsive pleading to the second amended complaint on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is further

ORDERED that Warfield's motion for reconsideration (Doc. 18) is denied as moot. It is further

ORDERED that Warfield's motion to appoint counsel (Doc. 19) is denied. It is further

ORDERED that Warfield's motions for temporary restraining order (Docs. 21, 22) are denied. It is finally

ORDERED that to the extent Warfield's "notices" could be construed as requesting any relief, these notices (Docs. 29, 31, 32, 33) are denied without prejudice to filing a proper motion under the Federal Rules of Civil Procedure and this Court's Local Rules.

DATED this 23rd day of October, 2025.

BY THE COURT:

_Eric Schulte_

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE