UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KELLY WARFIELD, <br><br> Plaintiff, <br><br> vs. <br><br> JARED HETTICH, a/k/a Jerry, Individual and Official Capacity; TROY PONTO, Individual and Official Capacity; SAM YOST, Individual and Official Capacity; ERIC TIMMERMAN, Individual and Official Capacity; CORY AMBROSE, Individual and Official Capacity; OFFICER RODRIQUEZ, Individual and Official Capacity; OFFICER ALLEN, Individual and Official Capacity; OFFICER JONES, Individual and Official Capacity; DEREK EKEREN, Individual and Official Capacity; IAN PACKER, Individual and Official Capacity; CALEB EVANS, Individual and Official Capacity; JESS BOYSEN, Individual and Official Capacity; JANE DOES, Individual and Official Capacity; JOHN DOES, Individual and Official Capacity; TERESSA BITTINGER, Individual and Official Capacity; KELLIE WASKO, Individual and Official Capacity, along with all staff; OFFICER WINES, Individual and Official Capacity; JAKE HOFER, a/k/a Jack Hofer, Individual and Official Capacity; DONALD WILLIAMS, Individual and Official Capacity; AMBER PIRRAGLIA, Individual and Official Capacity; DANIEL SULLIVAN, Individual and Official Capacity; OFFICER STRUICKSMA, Individual and Official Capacity; CHARLES DOMBECK, Wisconsin DOC Staff, Individual and Official Capacity; JEREMY BECK, Wisconsin DOC Staff, Individual and Official Capacity; OFFICER KATZE, Wisconsin DOC Staff, | 4:24-CV-04049-ECS <br><br><br> ORDER DENYING PLAINTIFF'S MOTION TO AMEND PLEADINGS |

| | |
|---|---|
| Individual and Official Capacity; SETH HUGHES, Individual and Official Capacity; SGT. DALASS, Wisconsin DOC Staff, Individual and Official Capacity; JERMAINE ROBINSON, Individual and Official Capacity,<br><br>Defendants. | |

Plaintiff Kelly Warfield, a former inmate at the South Dakota State Penitentiary,[1] filed two essentially identical motions for temporary restraining order. Docs. 21, 22. This Court denied the motions for temporary restraining order because Warfield was transferred to an out-of-state prison and no longer subjected to the conditions that allegedly violated his constitutional rights. Doc. 35. Warfield now filed a "Motion to Amend Pleadings," in which he seeks leave to amend his motion for temporary restraining order and filed a proposed amended motion for temporary restraining order with a multitude of exhibits. Docs. 42, 42-1, 42-2. Because a motion for temporary restraining order is not a pleading, see Fed. R. Civ. P. 7(a), this Court liberally construes Warfield's motion as a new motion for temporary restraining order.

Warfield's new motion for temporary restraining order largely requests the same or similar relief as his prior motions.[2] See Docs. 21, 22, 42-1. Akin to Warfield's prior motions for temporary restraining order, his requests for injunctive relief related to his conditions at South Dakota prisons are moot because he has been transferred and is no longer subject to those conditions. Doc. 35 at 7.

---

[1] At the time Warfield filed his Original Complaint, he was incarcerated at the South Dakota State Penitentiary. Doc. 1 at 20. Warfield has since been transferred to the Florida State Prison. Doc. 29; Doc. 53 at 4.

[2] In his current motion for temporary restraining order, Warfield now attempts to seek preliminary injunctive relief against the State of South Dakota's contractors—particularly the Florida Department of Corrections, which is not named as a defendant. Doc. 42-1 at 17–18; Doc. 36 at 1. The request is denied because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint," which Warfield fails to do. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

The only completely new relief Warfield requested is that this Court enter an order preventing Defendants or their staff from engaging in

> any perceived or future retaliation, such as, but not limited to such, out-of-state transfers from South Dakota, if such should occur, required [sic] the defendants to remand Warfield back into their custody to be incarcerated at the South Dakota State Penitentiary, in which he would receive all his South Dakota legal supplies and property, in Sioux Falls, South Dakota.  Apply this retroactively.

Doc. 42-1 at 18 (citation modified).  The Court considers the Dataphase factors when looking at his new request for a temporary restraining order.  The Dataphase factors are: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest.  Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

Here, Warfield does not address the Dataphase factors, nor does he cite to any case law supporting his request.  Based on this Court's review of Warfield's filing, this Court finds that the Dataphase factors do not favor requiring Defendants to return Warfield to South Dakota.  "To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Roudachevski v. All-American Care Ctrs., Inc., 648 F.3d 701, 706 (8th Cir. 2011) (internal citation omitted).  Warfield attached to his motion many grievances indicating conditions causing him concern in Florida, but Warfield has not shown that any threat of irreparable harm he faces in Florida prisons would be remedied by transfer back to South Dakota because many of the conditions he described in his motion that pose a threat of irreparable harm occurred at the South Dakota State Penitentiary.  See generally Docs. 42-1, 42-2.  The Defendants indicate that the danger of having Warfield in custody in South Dakota is great because he has allegedly

3

assaulted and engaged in other threatening behavior toward staff and other inmates on many different occasions. Docs. 46, 46-1. Warfield has not shown that he is likely to succeed on the merits. He has also not shown that in this instance public interest favors this Court intervening into prison administration. Courts generally defer to prison administrators on the safest way to operate prison systems. See Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); Hosna v. Groose, 80 F.3d 298, 304 (8th Cir. 1996). Thus, Warfield's motion for temporary restraining order, Doc. 42, is denied.

 Accordingly, it is

ORDERED that Warfield's motion to amend pleadings and motion for a temporary restraining order, Doc. 42, is denied.

 DATED this 25th day of February, 2026.

BY THE COURT:

_Eric Schulte_
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE
