UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

KELLY WARFIELD,

Plaintiff,

vs.

JARED HETTICH, a/k/a Jerry, Individual and Official Capacity; TROY PONTO, Individual and Official Capacity; SAM YOST, Individual and Official Capacity; ERIC TIMMERMAN, Individual and Official Capacity; CORY AMBROSE, Individual and Official Capacity; OFFICER RODRIQUEZ, Individual and Official Capacity; OFFICER ALLEN, Individual and Official Capacity; OFFICER JONES, Individual and Official Capacity; DEREK EKEREN, Individual and Official Capacity; IAN PACKER, Individual and Official Capacity; CALEB EVANS, Individual and Official Capacity; JESS BOYSEN, Individual and Official Capacity; JANE DOES, Individual and Official Capacity; JOHN DOES, Individual and Official Capacity; TERESSA BITTINGER, Individual and Official Capacity; KELLIE WASKO, Individual and Official Capacity, along with all staff; OFFICER WINES, Individual and Official Capacity; JAKE HOFER, a/k/a Jack Hofer, Individual and Official Capacity; DONALD WILLIAMS, Individual and Official Capacity; AMBER PIRRAGLIA, Individual and Official Capacity; DANIEL SULLIVAN, Individual and Official Capacity; OFFICER STRUICKSMA, Individual and Official Capacity; CHARLES DOMBECK, Wisconsin DOC Staff, Individual and Official Capacity; JEREMY BECK, Wisconsin DOC Staff, Individual and Official Capacity; OFFICER KATZE, Wisconsin DOC Staff, Individual and Official Capacity; SETH HUGHES, Individual and Official Capacity;

4:24-CV-04049-ECS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

| | |
|---|---|
| SGT. DALASS, Wisconsin DOC Staff, Individual and Official Capacity; JERMAINE ROBINSON, Individual and Official Capacity,<br><br>Defendants. | |

Plaintiff Kelly Warfield, a former inmate at the South Dakota State Penitentiary (SDSP),[1] filed a pro se lawsuit alleging violations of his civil rights under 42 U.S.C. § 1983. Docs. 1, 3-1. Warfield filed an Amended Complaint. Doc 36. This Court screened Warfield's Amended Complaint and dismissed it without prejudice but provided him with an opportunity to file a second amended complaint. Doc. 71. Instead of filing a second amended complaint, Warfield filed a Notice of Appeal. Doc. 83. He also moves for leave to proceed in forma pauperis on appeal, Doc. 84, and attached a certified copy of his prisoner trust account report, Doc. 85.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

In Henderson, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. Id. at 484. First, the court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust

[1] At the time Warfield filed his Original Complaint, he was incarcerated at the SDSP. Doc. 1 at 20. Warfield has since been transferred to the Florida State Prison. Doc. 29; Doc. 53 at 4.

account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). It appears that Warfield's appeal is taken in good faith. Warfield's prisoner trust account report shows that he has insufficient funds to pay the civil complaint filing fee or an initial partial filing fee. Doc. 85. Accordingly, it is

ORDERED that Warfield's motion for leave to proceed in forma pauperis on appeal, Doc. 84, is granted and his initial partial filing fee is waived. It is further

ORDERED that the Clerk of Court will send a copy of this order to the appropriate financial official at Warfield's institution. It is finally

ORDERED that the institution having custody of Warfield is directed that whenever the amount in Warfield's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $605 is paid in full.

DATED this 28 day of September, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE