UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KELLY WARFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>JARED HETTICH, a/k/a Jerry, Individual and Official Capacity; TROY PONTO, Individual and Official Capacity; SAM YOST, Individual and Official Capacity; ERIC TIMMERMAN, Individual and Official Capacity; CORY AMBROSE, Individual and Official Capacity; OFFICER RODRIQUEZ, Individual and Official Capacity; OFFICER ALLEN, Individual and Official Capacity; OFFICER JONES, Individual and Official Capacity; DEREK EKEREN, Individual and Official Capacity; IAN PACKER, Individual and Official Capacity; CALEB EVANS, Individual and Official Capacity; JESS BOYSEN, Individual and Official Capacity; JANE DOES, Individual and Official Capacity; JOHN DOES, Individual and Official Capacity; TERESSA BITTINGER, Individual and Official Capacity; KELLIE WASKO, Individual and Official Capacity, along with all staff; OFFICER WINES, Individual and Official Capacity; JAKE HOFER, a/k/a Jack Hofer, Individual and Official Capacity; DONALD WILLIAMS, Individual and Official Capacity; AMBER PIRRAGLIA, Individual and Official Capacity; DANIEL SULLIVAN, Individual and Official Capacity; OFFICER STRUICKSMA, Individual and Official Capacity; CHARLES DOMBECK, Wisconsin DOC Staff, Individual and Official Capacity; JEREMY BECK, Wisconsin DOC Staff, Individual and Official Capacity; OFFICER KATZE, Wisconsin DOC Staff, | 4:24-CV-04049-ECS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO HAVE CLERK'S OFFICE TO SEND WARFIELD ENTIRE COPY OF COURT FILE TO USE FOR APPELLATE PROCEEDINGS |

| | |
|---|---|
| Individual and Official Capacity; SETH HUGHES, Individual and Official Capacity; SGT. DALASS, Wisconsin DOC Staff, Individual and Official Capacity; JERMAINE ROBINSON, Individual and Official Capacity,<br><br>Defendants. | |

Plaintiff Kelly Warfield, a former inmate at the South Dakota State Penitentiary (SDSP),[1] filed a pro se lawsuit alleging violations of his civil rights under 42 U.S.C. § 1983. Docs. 1, 3-1, 36. This Court dismissed Warfield's Amended Complaint on screening and provided him an opportunity to file another amended complaint, Doc. 71, but instead of filing a second amended complaint, Warfield filed a Notice of Appeal, Doc. 83.

Warfield requests that this Court send him the address for the United States Eighth Circuit Court of Appeals, the Eighth Circuit's Rules, and the Eighth Circuit's briefing formats. Doc. 91 at 1. The docket reflects that on October 2, 2026, the Eighth Circuit Clerk of Court mailed Warfield a letter containing Warfield's appellate case number (26-2995) and the address of the United States Court of Appeals for the Eighth Circuit:

> Thomas F. Eagleton U.S. Courthouse
> 111 South 10th Street, Room 24.329
> St. Louis, Missouri 63102

Doc. 90 at 1. Accordingly, Warfield can contact the Eighth Circuit regarding the information he is seeking.

Warfield also asks that this Court order the Clerk's Office to send him the entire copy of his court file to use for his appellate proceeding. Doc. 91. Warfield's entire case file exceeds 1,700 pages. Warfield's motion does not identify why he does not have copies of the filings. Id.

[1] At the time Warfield filed his Original Complaint, he was incarcerated at the SDSP. Doc. 1 at 20. Warfield has since been transferred to the Florida State Prison. Doc. 29; Doc. 53 at 4.

Warfield is not proceeding in forma pauperis. But even if he was proceeding in forma pauperis, he is not entitled to free copies of the entire court file. Doc. 71 at 17–18 (citing Jackson-Mackay v. Cotant, No. 8:22CV10, 2022 WL 1249731, at *3 (D. Neb. Apr. 27, 2022); see also Brown v. Voorhies, No. 2:07-cv-0013, 2007 WL 2071907, at *1 (S.D. Ohio July 17, 2007) ("The law is clear that an inmate has neither a constitutional nor a statutory right to free photocopies even if that inmate has been granted the right to proceed in forma pauperis. That includes free copies of documents that the inmate himself has previously filed in court." (citations omitted)).

As the court noted in Tiedeman v. Weber,

> Pursuant to 28 U.S.C. § 1914, the Judicial Conference has adopted a schedule of fees for copying and related services provided by the United States District Courts. A fee of fifty cents per page is charged for court staff to reproduce any record or paper filed in a case. The Clerk of Court is directed to provide to [prisoner plaintiff] a copy of the docket sheet for [his] cases. [The plaintiff] may identify the filings that he wants copied and request copies of those filings from the Clerk of Court at a cost of fifty cents per page. If [the plaintiff] does not submit payment for the copying costs of any documents he requests, it is not necessary for the Clerk of Court to respond to [the plaintiff's] request.

No. 4:13-CV-04126-KES, No. 4:14-CV-04120-KES, No. 4:18-CV-04146-KES, 2026 WL 2690058, at *2 (D.S.D. Sept. 14, 2026). The docket sheet reflects that on October 14, 2026, a copy of the docket sheet was mailed to Warfield. Accordingly, it is

ORDERED that Warfield's request for a copy of the Rules and briefing format for the Eighth Circuit, Doc. 91, is denied. It is further

ORDERED that Plaintiff's Motion for Order to Have Clerk's Office to Send Warfield Entire Copy of Court File to Use for Appellate Proceedings, Doc. 91, is denied. It is further

ORDERED that Warfield shall review the copy of the docket sheet that has been mailed to him, and if he believes he needs copies of particular documents, he should tender the $0.50 fee

per page of copying and note the specific docket numbers that he is requesting be copied. It is finally

ORDERED that the Clerk's Office is not required to respond to any further photocopy requests unless Warfield has complied with this Order, unless the Court orders otherwise.

DATED this 15th day of October, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE